UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYL C. DANIELS,

    Plaintiff,

v.                                  Case No. 4:23-cv-476-MW-MJF

CHRISTINE L. ARROYO, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding *pro se*, initiated this lawsuit on October 30, 2023, by filing a civil rights complaint. Doc. 1. At the time, Plaintiff was a Florida prisoner housed at the Franklin Correctional Institution. *Id*. Plaintiff's complaint was not on the court form and was not accompanied by the filing fee or an application for leave to proceed *in forma pauperis*.

    On November 9, 2023, the undersigned ordered Plaintiff to file the following: (1) a notice of voluntary dismissal; or (2) an amended civil rights complaint on the Northern District's form accompanied by the $402.00 filing fee or a complete application for leave to proceed *in forma pauperis*. Doc. 3. The undersigned set a compliance deadline of December

11, 2023, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id.* at 4. On November 17, 2023, Plaintiff notified the court that he was transferred to the Florida Civil Commitment Center. Doc. 4.

Plaintiff did not respond to the order dated November 9, 2023. Accordingly, on December 28, 2023, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute, failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*, and failure to comply with an order of this court. Doc. 5. The undersigned set a compliance deadline of January 29, 2024, and required Plaintiff to include with his response the following: (1) an amended civil rights complaint on the Northern District's form and (2) payment in the amount of $402.00, or a complete application for leave to proceed *in forma pauperis*. Doc. 5.

Plaintiff responded to the show-cause order, but his response was not accompanied by any of the required materials. *See* Doc. 7. Instead, Plaintiff stated that he was placed in secure management at FCCC on December 30, 2023 and did not have access to his legal work. *Id.* at 3.

The undersigned construed Plaintiff's response as a request for an extension of time and for another set of court forms. Doc. 8. On February 6, 2024, the undersigned required Plaintiff to supplement his show-case response by filing the following: (1) a notice of voluntary dismissal; or (2) an amended complaint on the Northern District's § 1983 complaint form, accompanied by either payment in the amount of $402.00 or a complete application for leave to proceed *in forma pauperis*. *Id*. at 3. The undersigned set a compliance deadline of February 26, 2024, and warned Plaintiff, again, that his failure to comply with the order likely would result in this case being dismissed. *Id*. at 3-4. The clerk of court mailed Plaintiff all required forms on February 6, 2024. Doc. 8 (docket entry).

To date, Plaintiff has not complied with the orders dated November 9, 2023, and February 6, 2024.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with court orders.[1]

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty.*

2.  The clerk of court be directed to close this case file.

At Panama City, Florida, this 25th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

*Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").