IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DARRYL C. DANIELS,**

   *Plaintiff*,

v.                                                                        Case No.: 4:23cv476-MW/MJF

**CHRISTINE L. ARROYO, et al.,**

   *Defendants*.

_____/

## ORDER VACATING PRIOR ORDER, CONSIDERING OBJECTIONS, AND ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OVER PETITIONER'S OBJECTIONS

This Court previously adopted the Magistrate Judge's report and recommendation without objection from either side. ECF No. 10. Now this Court has received late-filed objections from Plaintiff. ECF No. 12. Accordingly, both this Court's order accepting and adopting the report and recommendation, ECF No. 10, and the judgment, ECF No. 11, are due to be vacated.

The Magistrate Judge recommends that Plaintiff's 42 U.S.C. § 1983 complaint be dismissed because Plaintiff failed to comply with two orders from this Court. *See* ECF No. 9. Plaintiff raises several objections, but they do not help his claim. Only one of Plaintiff's objections speaks to his failure to comply with this Court's orders—and only in vague, conclusory terms. Specifically, Plaintiff claims that because Defendants subjected him to close management (leaving him only one hour

outside of his cell each day) he has "not been able to keep pace with this" case. ECF No. 12 at 8. But without further detail explaining why being subject to close management prevented Plaintiff from complying with *two* orders, this Court refuses to tolerate Plaintiff's disregard for its authority. In his objections, Plaintiff does not claim that Defendants withheld his mail or deprived him of access to his legal materials during this case. Plaintiff's objections are limited to reiterating the substance of some of his claims and tacking on a conclusory statement that his ability to litigate has been impaired. *See, e.g., id.* at 4.

Plaintiff offers no reason for why he was unable to comply with the Magistrate Judge's order dated February 6, 2024, which afforded him an extension of his previous deadlines as well as new forms for him to file an amended complaint and motion for leave to proceed *in forma pauperis*. *See* ECF No. 8. Plaintiff missed this deadline, which prompted the Magistrate Judge to enter the subject report and recommendation on March 25, 2024. *See* ECF No. 9. Plaintiff then submitted his first filing in about three months—that is, untimely objections to the Magistrate Judge's report and recommendation. ECF No. 12. In short, Plaintiff's threadbare explanation does nothing to explain his failure to comply with the numerous, reasonable opportunities this Court afforded him to prosecute this case over roughly three months. On this record, dismissal without prejudice under Rule 41(b) is merited. Accordingly,

**IT IS ORDERED:**

1. The Clerk is **DIRECTED** to **VACATE** this Court's order accepting and adopting the report and recommendation, ECF No. 10, and the judgment, ECF No. 11.

2. Having considered Petitioner's objections, ECF No. 12, *de novo*, this Court again **accepts and adopts** the Magistrate Judge's report and recommendation, ECF No. 9 as this Court's opinion.

3. Plaintiff's complaint under 42 U.S.C. § 1983, ECF No. 1, is **DISMISSED without prejudice**.

4. The Clerk shall enter judgment stating, "Plaintiff's complaint, ECF No. 1, is **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b)."

5. The Clerk shall close the file.

**SO ORDERED on April 17, 2024.**

                                                  s/Mark E. Walker              
                                                  **Chief United States District Judge**